**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**STEPHANIE WALKER-HYNES**                                                          **PLAINTIFF**

**V.**                      **CASE NO. 4:16-CV-920-JM-BD**

**MICHAEL POORE,**                                                           **DEFENDANTS**
**Individually and Officially as
Superintendent of Little Rock School District**

## RECOMMENDED DISPOSITION

### I.    Procedure for Filing Objections

This Recommended Disposition ("Recommendation") has been sent to Judge James M. Moody, Jr. Any party to this suit may file written objections with the Clerk of Court within 14 days of the date the Recommendation is filed. Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

By not objecting, any right to appeal questions of fact may be jeopardized. And if no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record.

### II.    Introduction

By Complaint filed on December 22, 2016, Plaintiff Stephanie Walker-Hynes sued Johnny Key, Arkansas Commissioner of Education, and Michael Poore, Superintendent of the Little Rock School District ("LRSD"), alleging that her termination from the LRSD in 2016 was retaliatory and the result of race and gender discrimination in

violation of Title VII of the Civil Rights Act of 1964. (Docket entry #1) She also alleged age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"). (*Id.*)

A Partial Recommended Disposition was filed on July 25, 2017, recommending that Commissioner Key's motion to dismiss be granted for failure to state a federal claim for relief. (#16). No objections were filed, and Judge James M. Moody Jr., the presiding judge in the case, adopted that recommendation. (#17) Commissioner Key was dismissed from the lawsuit. (*Id.*).

Superintendent Poore has filed a motion for summary judgment as to all the claims against him in this case, including official-capacity and individual-capacity claims. (#30, #31, #32) Ms. Walker-Hynes has responded to this motion (#35, #36, #37), and Superintendent Poore has replied. (#38) Judge Moody referred this case to the undersigned for a recommended disposition. (#13) Both parties agree that the sole remaining claim is whether Ms. Walker-Hynes's termination was the result of retaliation.[1] For the reasons stated below, Superintendent Poore's motion for summary judgment should be granted and this case dismissed with prejudice.

---

[1] Superintendent Poore moved for summary judgment on every claim – retaliation, age, race, and gender discrimination. (#30) In response, Ms. Walker-Hynes argued that her termination was the result of retaliation. (#36) Then, in the pretrial disclosure sheets, both parties noted that the sole contested issue is whether Ms. Walker-Hynes's termination was the result of retaliation. (#39 at 9, #40 at 4) Accordingly, this Court adopts the parties' position that the retaliation claim is the sole remaining contested claim.

**III.** **Discussion**

    A.    Superintendent Poore, Individual Capacity

Superintendent Poore first contends that Ms. Walker-Hynes's Title VII claim against him in his individual capacity must be dismissed because Title VII does not provide for individual liability. (#32 at 9-10, #38 at 2) The Court agrees. Title VII liability only attaches to an employer. *Van Horn v. Best Buy Stores, LP.*, 526 F.3d 1144, 1147 (8th Cir. 2008) ("The district court properly granted summary judgment in favor of Mr. Clark on the Title VII claim because that law does not provide for an action against an individual supervisor. . . .") (citing *Bales v. Wal-Mart Stores, Inc.*, 143 F.3d 1103, 1111 (8th Cir. 1998)). Accordingly, the Court recommends that Judge Moody dismiss Ms. Walker-Hynes's Title VII claim against Superintendent Poore in his individual capacity.

    B.    Superintendent Poore, Official Capacity[2]

        1.    Summary Judgment Standard

Summary judgment is appropriate where evidence the parties prevent shows that there is no genuine issue as to any fact important to the outcome of the claim. FED. R.

---

[2] In dismissing Commissioner Key from this lawsuit, this Court explained that, "[t]he LRSD, not Commissioner Key, is the appropriate defendant in Ms. Walker-Hynes's employment-related claims." (#16 at 6) The PRD also noted that Ms. Walker-Hynes indicated her intention to amend her complaint to name the LRSD as a defendant. (*Id.*) The LRSD has not been named as a defendant in this lawsuit. Nevertheless, in his motion for summary judgment, Superintendent Poore moves on both his own behalf and on behalf of the LRSD. (#30 at 1) Because Ms. Walker-Hynes's retaliation claim cannot survive summary judgment, regardless of the named defendants, there is no need to amend the complaint to add the LRSD as a named defendant.

CIV. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). As the moving party, Superintendent Poore bears the initial burden of demonstrating that there is no genuine dispute of fact. *Id*. If he meets this burden, then Ms. Walker-Hynes is obligated to come forward with evidence establishing a genuine dispute that must be decided at a trial. *Id*. If she does not come forward with evidence to establish a necessary element of her claim, Superintendent Poore is entitled to judgment as a matter of law. *Id*.

      2.      Undisputed Factual Background

Ms. Walker-Hynes began working in the LRSD in November of 1995 as a Child Nutrition Supervisor. (#31, #34) In June 2005, she unsuccessfully applied for the vacant position of Child Nutrition Director. *Id*. Dr. Lily Bouie, an African-American female, was hired for the position on October 13, 2005. *Id*.

In July 2006, Ms. Walker-Hynes challenged her non-selection for the position of Child Nutrition Director by filing a federal lawsuit alleging race discrimination and retaliation. *Id*.; *Washington, et al v. Brooks, et al*, 4:06-CV-883-JM. The LRSD and Ms. Walker-Hynes settled this lawsuit in 2008, resulting in her receiving a promotion and being named Child Nutrition Coordinator, a newly created position. *Id*. Ms. Walker-Hynes remained as the Child Nutrition Coordinator until 2013 when she was reassigned to the LRSD Adult Education Department. *Id*.

For many years, the LRSD received desegregation payments from the State of Arkansas under a Desegregation Order of this Court. *Id*. The LRSD learned as early as

4

2009 that State desegregation payments would end, and it began to actively work to stabilize its budget in anticipation of that event. *Id*.

In 2013, the parties to the desegregation litigation agreed, among other terms, that State desegregation funding would be phased out over a four-year period, with payments to end in 2018. *Id*. Because 75%-80% of the LRSD's budget is dedicated to employee salaries, the 2013 settlement agreement necessarily meant that the LRSD would have to reduce expenditures for employee salaries. *Id*.

In 2013-2014, then-Superintendent Dexter Suggs implemented a district-wide review of staffing and assignments and formed a committee tasked with recommending staffing cuts. *Id*. Budget cuts were phased in over three years. *Id.* Some positions were eliminated and others reclassified to lower salary ranges; benefits were cut; and the length of contracts was shortened. *Id*. By the 2014-2015 school year, 130 individuals had been affected by the changes. *Id*.

By the 2016-2017 school year, the District had eliminated the equivalent of 80.6 certified and 156 classified full-time positions. *Id.* Ms. Walker-Hynes's position as Assistant Coordinator for Adult Education was one of the eliminated positions in the budget cuts. *Id*. All told, the District eliminated 370 positions from its budget between 2013 and 2017. *Id*.

Meanwhile, in May of 2015, Baker Kurrus had become superintendent of the LRSD. *Id*. By letter dated April 29, 2016, then-Superintendent Kurrus notified Ms. Walker-Hynes of *his* recommendation to eliminate the position she held as Assistant Coordinator of Adult Education. In that letter, then-Superintendent Kurrus explained that

5

the District needed to restructure its administrative staff to reduce its operating budget in the face of the impending loss of State funding. *Id*. In the same letter, Superintendent Kurrus also informed Ms. Walker-Hynes that she was welcome to apply for future vacant positions in the LRSD that fit her qualifications. *Id*. Commissioner Key adopted Superintendent Kurrus's recommendation and did not renew Ms. Walker-Hynes's employment contract.

Superintendent Kurrus was replaced by Michael Poore as the superintendent of the LRSD on July 1, 2016. *Id*. Ms. Walker-Hynes filed a charge of discrimination with the Equal Employment Opportunity Commission on September 12, 2016, alleging retaliation and discrimination based on her race, sex, and age. (#30-8) The EEOC issued a Notice of Rights on September 21, 2016, and she filed the current lawsuit on December 22, 2016. (#1) Ms. Walker-Hynes has since been rehired by the LRSD in September 2017, as the Child Nutrition Director. (#31, #34)

    3.    Decision

"To establish a prima facie case of retaliatory discrimination, the plaintiff must show that she engaged in protected activity, that an adverse employment action was taken against her, and that there was a causal connection between the two." *Johnson v. Pulaski County Special School Dist.*, 338 F.Supp.2d 968, 973 (E.D. Ark. 2004) (citing *Brower v. Runyon*, 178 F.3d 1002, 1005 (8th Cir. 1999).

Here, the protected activity Ms. Walker-Hynes cites is her 2006 discrimination lawsuit; and the adverse employment action was the nonrenewal of her employment

contract in 2016. (#31, #34, #36[3], #38). Ms. Walker-Hynes asserts a causal connection between her 2006 lawsuit and her termination in 2016. (#36 at 5)

While Ms. Walker-Hynes admittedly was employed in the last of her positions with no job duties (#1 at ¶ 20), the LRSD notified her that the position was being eliminated due to the well-documented loss of desegregation funds. (#1 at ¶22, #16 at 5) This decision was based on the recommendation of then-Superintendent Kurrus. Neither he nor Defendant Poore had *any* role in Ms. Walker-Hynes's previous federal lawsuit or with her placement in various positions after the 2006 lawsuit. (#16 at 5, #30-10) In fact, neither had any connection to the LRSD in 2006.

Nevertheless, Ms. Walker-Hynes points to comments allegedly made by then-Superintendent Suggs in the spring of 2014 as evidence of material facts that remain in dispute. Ms. Walker-Hynes maintains that when she met with then-Superintendent Suggs in 2014, he told her that he would out-smart her lawyers by reducing the days of her employment contract. (#37 at 1)

If Mr. Suggs had been involved in the 2016 decision to terminate Ms. Walker-Hynes's position, she would be in a better position to argue retaliation. But the fact is that Mr. Suggs was fired as superintendent in May of 2015, and Ms. Walker-Hynes has not come forward with any evidence to show that then-Superintendent Kurrus's recommendation, Commissioner Keys's acceptance the recommendation, or

---

[3] "Plaintiff was involved in an activity protected by statute when she sued the LRSD in 2006. Any reasonable employee would have found that having her contract terminated was materially adverse." (#36 at 5)

Superintendent Poore's ratification of the decision not renew her contract in 2016 was in retaliation for her 2006 lawsuit against the District.

A close temporal relationship between protected activity and an adverse employment action can constitute evidence of a causal connection. But the longer the lapse between the two events, the weaker the argument for cause-and-effect becomes. "[A] gap in time between the protected activity and the adverse employment action 'weakens the inference of retaliation that arises when a retaliatory act occurs shortly after a complaint.'" *Grey v. City of Oak Grove, Mo.*, 396 F.3d 1031, 1035 (8th Cir. 2005) (internal citations omitted).

Ms. Walker-Hynes's claim against Commissioner Key was lost when she could not establish a causal link between her 2006 lawsuit and settlement in 2008 and the nonrenewal of her contract in 2016. (#16) The same reasoning applies with her complaint against Superintendent Poore. See *Kipp v. Missouri Highway and Transp. Comm'n*, 280 F.3d 893 (8th Cir. 2002) (as a matter of law, two month time interval between complaint and termination alone does not establish causal link). Any inference of retaliatory animus vanishes when the time lapse between the protected activity and the adverse employment action is measured in years, as it is here. *Tyler v. University of Arkansas Bd. of Trustees*, 628 F.3d 980, 986 (8th Cir. 2011). The temporal connection here is simply too remote.

Ms. Walker-Hynes argues that the required temporal proximity was met because Commissioner Key learned of her 2006 lawsuit within two weeks of his decision to accept then-Superintendent Kurrus's recommendation. (#36) Citing to an Eleventh Circuit case, Ms. Walker-Hynes contends that temporal proximity begins when a decision

8

maker learns of a protected activity and not when the protected activity occurred. (#36 at 6); *Brungart v. Bellsouth Telecomms., Inc.*, 231 F.3d 791 (11th Cir. 2000). In *Brungart*, the Eleventh Circuit recounted the applicable standard governing retaliation claims: "[A] plaintiff must generally show that the decision maker was aware of the protected conduct at the time of the adverse employment action." *Id.* at 799. Ms. Walker-Hynes reads too much into the *Brungart* decision. Interpreting *Brungart* to imply that a claim is renewed each time a new supervisor learns of prior protected activity, no matter how remote, is a bridge too far.

Here, the lack of a temporal connection, standing alone, is enough to defeat Ms. Walker-Hynes's retaliation claim. But the multiple changes in LRSD Superintendents between her 2006 lawsuit and the eventual elimination of her position in 2016 adds to the implausibility of retaliation.[4]

With the weak temporal connection between her 2006 lawsuit and her subsequent contract nonrenewal ten years later, as well as the intervening multiple changes in LRSD Superintendents, Ms. Walker-Hynes was obligated to come forward with evidence to show that the decision to eliminate her position in 2016 was retaliatory.

---

[4] As a matter of public record, at the time Ms. Walker-Hynes filed her 2006 lawsuit, the LRSD superintendent was Dr. Roy G. Brooks (July 2004 - August 2007). He was followed by Dr. Linda Watson (August 2007 - January 2011), who was followed by Dr. Morris L. Holmes (January 2011 - March 2013), who was followed by Mr. Marvin Burton (March 2013 - July 2013), who was followed by Mr. Suggs (July 2013 - April 2015), who was followed by Mr. Marvin Burton (April 2015 - May 2015). Mr. Kurrus served as Superintendent from May 2015 - June 2016, followed by Mr. Poore (July 2016 to the present).

In sum, Ms. Walker-Hynes has failed to come forward with evidence from which a reasonable jury could find that her employment with the LRSD was terminated as retaliation for her 2006 lawsuit against the District. Defendant Poore has offered evidence that prior superintendents recommended the elimination of the position Ms. Walker-Hynes held for valid budgetary reasons, *i.e.*, the loss of significant funding. There is no relevant evidence to indicate that the decision was unreasonable and not based in fact. *Tyler*, 628 F.3d at 988.

## IV. <u>Conclusion</u>

The Court recommends that Superintendent Poore's motion for summary judgment (#30) be GRANTED. Ms. Walker-Hynes's claims should be DISMISSED, with prejudice.

DATED this 15th day of March, 2018.

                                                   _____
                                                  UNITED STATES MAGISTRATE JUDGE